IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| J.D. B/N/F LUKE AND MENDY DEGELIA | § § § | |
| v. | § | A-10-CV-717 LY |
| GEORGETOWN INDEPENDENT SCHOOL DISTRICT | § § § § | |

## ORDER

Before the Court are Plaintiffs' Motion to Quash Defendant's Notice of Intent to Take Oral Depositions of J.D. and of Luke and Mendy Degelia (Clerk's Doc. No. 52) filed January 27, 2012; Defendant's Response in Opposition to Plaintiffs' Motion to Quash Defendant's Notices of Intent to Take Oral Depositions of Plaintiffs (Clerk's Doc. No. 54) filed February 2, 2012; and Plaintiffs' Late Motion to Stay Defendant's Notices of Intent to Take Oral Deposition of Plaintiffs (Clerk's Doc. No. 55), filed February 2, 2012. The District Court has referred both motions to the undersigned for resolution.

The sole issue remaining in this case is whether the Plaintiffs were "prevailing parties" in a Section 504 hearing, and if so, what amount of attorney's fees they are entitled to. Notwithstanding this, Defendants have recently noticed the depositions of all of the Plaintiffs, including ninth grade student J.D. Plaintiffs thus move to quash the depositions, arguing they would subject Plaintiffs to an undue burden and that no admissible evidence could be obtained from the depositions. They argue that the hearing officer's written decision is the only record the Court needs to review to determine whether the Plaintiffs were prevailing parties, and there is nothing the Defendants could learn from a deposition of the Plaintiffs on the prevailing party issue. With regard to the

reasonableness of attorney's fees, should the Court find that the Plaintiffs are entitled to recover fees, Plaintiffs argue that they do not have any discoverable information on that issue either, but rather that would come from their attorneys.

The Defendant's response is puzzling to say the least. It contends that because there is no administrative hearing record in this case, the ordinary limitation on new evidence on appeal does not apply, and thus contends that it is entitled to depose the Plaintiffs. But it completely fails to explain what evidence depositions of the Plaintiffs would lead to that would be relevant to the only question remaining before the Court—were the Plaintiffs prevailing parties. This is particularly true with regard to the minor plaintiff, J.D., who, by the Court's estimation, is a ninth grade student. The situation is the same on the question of attorney's fees. If there are any fact questions on that issue, the relevant party to gather that information from would the Plaintiffs' counsel, not the Plaintiffs. Moreover, the Court's Local Rules provide a detailed, post-judgment process to determine the appropriate amount of fees, *see* Local Rule CV-7(i), and discovery on this issue is rarely necessary. In short, the Defendant's arguments in support of taking these depositions are baseless, and the depositions would serve no purpose other than to harass the Plaintiffs and needlessly increase the costs of this litigation.

It is therefore ORDERED that Plaintiffs' Motion to Quash Defendant's Notice of Intent to Take Oral Depositions of J.D. and of Luke and Mendy Degelia (Clerk's Doc. No. 52) is GRANTED, the depositions of J.D., Mendy and Luke Degelia are HEREBY QUASHED, and Plaintiffs' Late Motion to Stay Defendant's Notices of Intent to Take Oral Deposition of Plaintiffs (Clerk's Doc. No. 55) is DENIED AS MOOT.

SIGNED this 7th day of February, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE