**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **J.D. B/N/F LUKE AND MENDY** | § | |
| **DEGELIA** | § | |
| | § | |
| **v.** | § | **A-10-CA-717 LY** |
| | § | |
| **GEORGETOWN INDEPENDENT** | § | |
| **SCHOOL DISTRICT, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion for Summary Judgment (Clerk's Doc. No. 46) filed December 22, 2011, Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Clerk's Doc. No. 50) filed January 20, 2012; and Plaintiff's Reply to Defendant's Response (Clerk's Doc. No. 56) filed February 3, 2012.  The District Court referred this Motion to the undersigned Magistrate Judge for report and recommendation.

**I.  FACTUAL BACKGROUND**

As noted in the undersigned's Report and Recommendation of July 2011, this suit arises out of a complaint made by the Plaintiffs related to an incident involving their minor son on a school field trip.  J.D. suffers from spinal agenesis and is confined to a wheelchair, and during the field trip J.D. was left unattended near the riverbank and fell into the river.  *Id.*  J.D.'s parents allege that he has suffered long-term damages as a result of the trauma he experienced in the incident.  J.D.'s parents then filed a complaint with the GISD Superintendent, and requested that an impartial Hearing Officer be appointed to hear their concerns.  A hearing before the Honorable Joe K. Arnold was convened on July 1, 2009.  Arnold found that GISD had failed to properly assemble a Section 504

committee in order to conduct a legally-required re-evaluation of J.D., and failed to consider what accommodations J.D. would need in non-academic and extra-curricular activities. He also found, however, that GISD did not grossly mismanage J.D.'s educational plan. *Id.*

Following the hearing, the Plaintiffs filed this lawsuit, raising a number of different claims. The Defendants moved to dismiss all of the claims, and in a Report and Recommendation dated July 21, 2011, (adopted by the district judge on September 15, 2011), the undersigned recommended that all but two of those claims be dismissed. Plaintiffs subsequently abandoned one of those claims (the claim against Stephanie Blanck in her individual capacity), and thus the sole remaining claim in the case is the minor Plaintiff's request pursuant to 29 U.S.C. § 794a for attorney's fees and costs as a "prevailing party" in the underlying hearing . He moves for summary judgment on that basis.

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted if the movant shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(A). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 256 (1986). To determine whether a genuine issue of material fact exists, courts must resolve all ambiguities of fact in favor of the non-moving party. *Id.* Summary judgment is mandated if the nonmovant fails to sufficiently establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

### III. ANALYSIS

J.D. asserts that he is entitled to attorney's fee as he qualifies as the "prevailing party" in the underlying Section 504 hearing. GISD asserts that Section 505 does not entitle J.D. to recover attorney's fees for the underlying 504 hearing, and even if it did, J.D. could not recover absent a finding of bad faith, gross misjudgment, or deliberate indifference. GISD also argues that J.D. does not generally qualify as a "prevailing party."

The governing statute on these issues is Section 504 of the Rehabilitation Act of 1973, which provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a). A party that is discontent with a school district's actions under the Rehabilitation Act of 1973 may request an impartial hearing. 34 C.F.R. § 104.36. The Rehabilitation Act further states "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter [Section 504], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b) .

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). In making this determination, a court must consider whether the plaintiff: (1) obtained relief on a significant claim in the litigation; (2) whether the relief materially altered the parties' legal relationship; and (3) whether the relief is more than de minimis in nature. *Id.* at 791-92. "The touchstone of the prevailing party inquiry . . . is the material alteration of the legal relationship of

3

the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551

U.S. 74, 82 (2007) (quoting *Texas State Teachers Ass'n* , 489 U.S. at 792-93).

In the complaint which led to the Section 504 hearing, J.D., through his parents, made two primary complaints:

> (1)    GISD failed to properly document accommodations for J.D. as an eligible Section 504 student; and
>
> (2)    GISD failed to properly accommodate J.D. during school activities.

He sought six separate forms of relief:

> (1)    tutoring, counseling, psychiatric care, in-home and family support services, outreach and support services;
>
> (2)    requiring GISD to train and supervise its staff regarding child abuse;
>
> (3)    requiring GISD to train and supervise its staff regarding disability accommodations and discrimination;
>
> (4)    requiring GISD to pay/reimburse Plaintiff for costs of care, including out-of-pocket medical and therapeutic costs;
>
> (5)    requiring GISD to pay Plaintiff's attorneys fees and expenses; and
>
> (6)    a Section 504 re-evaluation to determine and document appropriate accommodations for J.D.

The Hearing Officer found that J.D. failed to establish GISD's liability under Section 504 because GISD's staff was merely negligent.  However, he did find that GISD violated the implementing regulations of the Rehabilitation Act because it "did not properly assemble a § 504 committee for an evaluation or re-evaluation of the student.  GISD 504 committees did not carefully consider information from all sources that might impact decisions regarding the student's needed accommodations." *See* 34 C.F.R. 104.35(a); (b) and (c)(1-3).  The Hearing Officer also found that "GISD did not properly accommodate for the student during an extracurricular activity, by not

4

supplying his normally available toileting supplies, and not properly calculating his mobility needs

near the river." 34 C.F.R. 37(a)(1-2).  The Hearing Officer entered the following Order:

> The Petitioner's request for a Section 504 re-evaluation is GRANTED.  Prior to the
> first day of instruction for the 2009-10 school year, Georgetown ISD will convene
> a proper §504 committee to re-evaluate and properly document considerations for
> accommodations related to Jacob D.'s physical impairment.  This committee will
> include persons knowledgeable in the areas of Occupational Therapy, Physical
> Therapy, and Adaptive Physical Education.  The committee will consider whether
> OT, PT or APE assessments are necessary.  In the event accommodations in either
> OT, PT or APE  assessments are warranted, even on a consultative level, GISD will
> devise a method of documenting the consultations and inform Jacob's parents of the
> consultations and their results.  All other relief requested of this Hearing Officer by
> this Petitioner is denied.

Exhibit A to Plaintiffs' Motion.  Thus, Plaintiff was afforded one of the six items he sought at the

hearing.

GISD makes three arguments in response to the motion for summary judgment.  First, it

argues that the impartial hearing was not actually a proceeding to enforce or charge a violation of

Section 504 and thus Plaintiff is not entitled to attorney's fees under Section 505.  Next, it contends

that J.D. cannot establish he was the "prevailing party" because the Hearing Officer's decision did

not materially alter the legal relationship between the parties.  And finally, it asserts that the Hearing

Officer denied Plaintiff's request for attorney's fees at the hearing and there is no statutory right for

the federal district court to review the Hearing Officer's decision.  The Court has already ruled that

Plaintiff can petition the district court for attorney's fees pursuant to 29 U.S.C. § 794a.  Thus, the

Court only addresses the issue of whether J.D. qualifies as a "prevailing party."

As stated above, J.D. was afforded some relief in that the Hearing Officer required GISD to

re-evaluate J.D. pursuant to Section 504.  At issue is whether this relief qualifies as "significant."

"Whether a claim is significant depends upon the issues and facts of the case." *S.M. ex rel. G.M.*

*& R.M. v. School District of Upper Dublin*, 2011 WL 3678325 (E.D. Pa. 2011) (slip copy). J.D. was denied all monetary and compensatory relief. Out of six categories of relief sought, he was granted one, which was a requirement that GISD convene a Section 504 evaluation prior to the next school year. But the § 504 regulations already required GISD to periodically re-evaluate J.D. and consider appropriate accommodations. There is no evidence that GISD would have not re-evaluated J.D. without the Hearing Officer's order. Thus, although the Hearing Officer did spell out what was required at the re-evaluation, the relationship between the parties was not materially altered by the Hearing Officer's decision. In this respect, then, the relief J.D. obtained can only be considered de minimus. As such, he cannot be deemed a "prevailing party."

Plaintiff cites to various cases in support of his claimed prevailing party status. *Miller v. Bd. of Educ. of Albuquerque Public Sch.*, Civil Action No. 1:05-cv-502 (D. N.M., October 23, 2006) (unpublished opinion); *G.J.D. v. Wissahickon Sch. Dist.*, --- F.Supp.2d ---- , 2011 WL 2411098 (E.D. Pa., 2011)*;  J.S. v. Lakeland School Dist.*, --- F.Supp.2d ---- , 2011 WL 662682 (M.D. Pa., 2011). However, these cases are not on point. In *Miller*, the plaintiff, who was found to be a "prevailing party" under the IDEA, received reimbursement for services and software purchased by plaintiff to remedy IDEA violations the administrative tribunal found had occurred during the student's middle school years. In *Wissahickon,* the court found that plaintiff was a "prevailing party" when the hearing officer determined that plaintiff had been denied a "free appropriate public education" because he had not been properly evaluated as required by the IDEA, and awarded him compensatory education[1] for every day he was denied a free appropriate public education. In

---

[1]One commonly sought form of relief under IDEA is compensatory education, which requires a school board to provide a child with appropriate educational services to compensate for its past failure to provide a FAPE. Requested forms of compensatory education may include physical and occupational therapy, summer educational services, tutoring, and small group instruction. *Oktibbeha*

*Lakeland,* the district court found that plaintiff was a "prevailing party" and that relationship between the parties had been materially altered because the hearing officer ordered that the plaintiff be included in art classes and ordered that the parties meet and determine other classes in which the child should also be included.  In the case now before the Court, J.D. received nothing from the Hearing Officer of any monetary value, no additional classes, and was afforded access to no event to which he had previously been excluded.  The Hearing Officer simply required that Plaintiff be properly re-evaluated, which was something GISD was already required to do by the regulations supporting the statute.

Because J.D. did not obtain relief on a significant claim in the underlying Section 504 hearing, and the Hearing Officer's decision did not materially alter the parties' legal relationship, and the relief J.D. ultimately obtained was de minimus, Plaintiff is not a "prevailing party" and is not entitled to attorney's fees.

## IV.  RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Clerk's Doc. No. 46) be **DENIED**.  **FURTHER,** because this ruling in effect resolves all of the remaining issues in the case, the Court **RECOMMENDS** that the district judge enter judgment in favor of GISD on this remaining claim.[2]

---

*County School District*, 37 Individuals with Disabilities Education Law Report 57 (hereinafter IDELR) (State Education Agency [hereinafter SEA] Miss. 2002); *Thornton Fractional Township High Sch. Dist. #128*, 36 IDELR 283 (SEA Ill. 2002); and *San Juan Unified Sch. Dist.*, 36 IDELR 198 (SEA Calif. 2002).

[2]At the time this matter was referred, and this Report & Recommendation was being prepared, GISD had not filed a cross-motion for summary judgment on the fee issue.  On Friday, March 16, 2012, however, GISD filed such a motion, raising in an affirmative form the same arguments it raised as defensive arguments in response to J.D.'s motion.  For this reason as well, it would be appropriate for the district judge to enter judgment in GISD's favor on the fee issue.

## V.  WARNINGS

The  parties  may  file  objections  to  this  Report  and  Recommendation.    A  party  filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall  bar  that  party  from  *de  novo*  review  by  the  District  Court  of  the  proposed  findings  and recommendations  in  the  Report  and,  except  upon  grounds  of  plain  error,  shall  bar  the  party  from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To  the  extent  that  a  party  has  not  been  served  by  the  Clerk  with  this  Report  & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of March, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE